**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

CEDRIC LOGAN, JR.,

      Movant,

v.

                             Cv. No. 2:18-cv-02319-SHM-tmp
                             Cr. No. 2:14-cr-20303-SHM-2

UNITED STATES OF AMERICA,

      Respondent.

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion," ECF No. 1) filed by Movant Cedric Logan, Jr., Bureau of Prisons ("BOP") register number 27375-076, an inmate at the Federal Correctional Institution Low in Forrest City, Arkansas; the Response of the United States in Opposition to Defendant's § 2255 Motion (ECF No. 5); and Petitioner's Reply to Government's Response in Opposition to His 2255 Motion (ECF No. 6). The § 2255 Motion is without merit, and it is **DENIED**.

**I.    BACKGROUND**

On October 30, 2014, a federal grand jury returned an indictment charging Logan on two counts: robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 (Hobbs Act robbery) (Count 1); and knowingly using and carrying a firearm during and in relation to Hobbs Act robbery in violation of 18 U.S.C. § 924(c) (Count 2). (*See* Cr. No. 14-20303, ECF No. 1 at

PageID 1-2.)  On September 2, 2015, Logan pled guilty, pursuant to a written plea agreement, to Count 2 of the indictment.  (*See* ECF Nos. 93 & 94.)  Logan entered "a voluntary plea of guilty to Count 2 of the Indictment, that the defendant knowingly used, carried and brandished a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). . . . because he is, in fact, guilty of the offense charged in Count 2."  (ECF No. 94 at PageID 144.)  The parties agreed that Logan did not discharge the firearm.  (*Id.*)  The Government agreed to recommend that Logan receive full credit for acceptance of responsibility and that he be sentenced to the mandatory minimum period of imprisonment.  (*Id.* at PageID 145.)  Logan waived his right to appeal any sentence within the applicable guidelines range.  (*Id.* at PageID 145–46.)  The waiver excluded claims relating to prosecutorial misconduct and ineffective assistance of counsel.  (*Id.* at PageID 146.)

On December 16, 2015, Logan was sentenced to 84 months in prison, to be followed by three years of supervised release.  (*See* ECF Nos. 102 & 103.)  He did not appeal.

## II.   THE § 2255 MOTION

On May 11, 2018, Logan filed the instant § 2255 Motion alleging that: (1) in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Mathis v. United* States, 136 S. Ct. 2243 (2016), his conviction under 18 U.S.C. § 924(c) was based on a definition of crime of violence that is no longer valid and violates the Fifth Amendment Due Process Clause; and (2) in light of *Mathis* and *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548 (6th Cir. July 12, 2017), he is actually innocent of using or carrying a firearm in furtherance of a crime of violence based on *Dimaya*. (ECF No. 1 at PageID 4-6.)  Logan contends that his § 2255 Motion is timely because it is based

on a right newly recognized by the United States Supreme Court in *Dimaya* and *Mathis*, which is a case of statutory interpretation that applies retroactively.  (*Id.* at PageID 33-34.)

## III.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

## IV.   ANALYSIS

Logan contends that using and carrying a firearm in relation to Hobbs Act robbery under 18 U.S.C. § 924(c) is not a crime of violence because the residual clause in § 924(c) is unconstitutionally vague.  (*See* ECF No. 6.)  The Government argues, based on then current law, that § 924(c)(3)(B) was not unconstitutionally vague and that Logan's predicate offense of Hobbs Act robbery qualified as a crime of violence.  (ECF No. 5 at PageID   at PageID 46-48.)[1]  After the briefs were filed, the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), directly addressed whether the residual clause in § 924(c) was unconstitutionally vague.

---

[1] The Government also argues that Logan's § 2255 Motion is time-barred and that he cannot rely on § 2255(f)(3) to excuse the untimely filing because *Mathis* is not a new rule made retroactive by the Supreme Court and *Dimaya* does not invalidate § 924(c).  (ECF No. 5 at PageID 44.)

Eighteen U.S.C. § 924(c)(1) provides that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm," shall, in addition to the punishment imposed for that crime of violence, receive a consecutive sentence of not less than five years.  18 U.S.C. §§ 924(c)(1)(A), (D).  Section 924(c)(3) defines "crime of violence" as any felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another (the "use-of-force clause"), or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual clause").

18 U.S.C. § 924(c)(3)(A)-(B).

On June 25, 2019, the Supreme Court held that the residual clause at 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  *Davis*, 139 S. at 2336.  The Court relied on its holding in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the residual clause in the Armed Career Criminal Act ("ACCA"), and *Dimaya*, which invalidated the residual clause in 18 U.S.C. § 16.  *Davis*, 139 S. Ct. at 2336.  Neither the Supreme Court nor the Sixth Circuit has held that the substantive rule announced in *Davis* applies retroactively to cases on collateral review.  *See Davis*, 139 S. Ct. at 2354 (Kavanaugh, J., dissenting); *see United States v. Ballanger*, No. CV 3:08-CR-94-CRS, 2020 WL 1281241, at *2 (W.D. Ky. Mar. 17, 2020) ("it remains to be determined whether *Davis*' holding will apply retroactively on collateral review").[2]  Assuming

---

[2] Federal courts of appeal that have considered the matter have determined that *Davis* is retroactively applicable to cases on collateral review.  *See, e.g., In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) ("*Welch* dictates that *Davis*—like *Johnson*—'announced a substantive rule that has retroactive effect in cases on collateral review.'" (quoting *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016)); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) ("*Davis* announced a new substantive rule, and *Welch* tells us that a new rule such as the one announced in *Davis* applies

retroactivity, the Court will consider the merits of Logan's claim under *Davis*.  The Court first looks to whether Hobbs Act robbery, the predicate offense for Logan's § 924(c) conviction, is a crime of violence.

Hobbs Act robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, . . . ."  *See* 18 U.S.C. § 1951(b)(1).  As defined, Hobbs Act robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)."  *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017); *see also United States v. Holmes*, 797 F. App'x 912 (6th Cir. 2019) (reaffirming *Gooch*'s holding that Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause, following the Supreme Court's decision in *Davis*).  (*See* ECF No. 5 at PageID 48.)  Because Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) and Logan has admitted using a firearm in the commission of Hobbs Act robbery, the holding in *Davis*, invalidating the residual clause, does not entitle Logan to habeas relief.  *See United States v. Henderson*, 798 F. App'x 468, 469 (11th Cir. 2020) (although *Davis* invalidated the residual clause in § 924(c)(3)(b), the predicate offense of Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A)).  Logan's claims are without merit.

---

retroactively to criminal cases that became final before the new substantive rule as announced.");
*see United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019).

## V.      CONCLUSION

For the reasons stated above, Logan's § 2255 Motion is **DENIED**.

## VI.     APPELLATE ISSUES

A certificate of appealability is **DENIED** because Movant has not made a substantial showing of a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

To the extent Movant may apply to proceed on appeal *in forma pauperis*, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in "good faith," and, therefore, DENIES leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED this 8th day of September, 2020.


 *s/   Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE